# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT FORGIONE,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-2189 |
| | : | |
| **SCI GRATERFORD,** *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM

**SLOMSKY, J.**                                                                                          **MAY 24, 2019**

Plaintiff Robert Forgine, a prisoner currently incarcerated at SCI Fayette, filed this civil action pursuant to 42 U.S.C. § 1983 based on allegations that his constitutional rights were violated in connection with the loss of his property and the mishandling of his related grievance. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Forgione leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim.

## I.     FACTS

Forgione was previously incarcerated at SCI Graterford. As that prison was closing, inmates and their property were relocated to SCI Phoenix. Forgione alleges that inmates were not permitted to pack their own property and that members of a Special Response Unit took custody of his personal property in connection with the move. When Forgione arrived at SCI Phoenix, he did not receive his personal property; it appears the property was lost. Members of the Special Response Unit and Major Clark allegedly told Forgione that they would "make it right," but that "never happened." (Compl. at 3.) Two weeks after being moved to SCI Phoenix, Forgione was transferred to SCI Fayette. Again, he was without his personal property. Forgione alleges that he filed a grievance about his lost property but he did not receive a response.

1

Based on those allegations, Forgione filed this lawsuit against SCI Graterford, SCI Phoenix, Major Clark, Mr. Kelly, and Mr. Segt. Pierce. He seeks damages for his lost property.

## II. STANDARD OF REVIEW

The Court grants Forgione leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[1] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Forgione is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The Court construes the Complaint as raising a due process claim based on the loss of Forgione's property. However, negligent or intentional deprivations of property by a state employee do not give rise to a due process violation if the state provides an adequate post-deprivation remedy.

---

[1] However, as Forgione is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

*Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Forgione cannot state a due process claim because the prison grievance system and Pennsylvania law provide him with an adequate state remedy for the deprivation of his property. *See Spencer v. Bush*, 543 F. App'x 209, 213 (3d Cir. 2013) ("'[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.'" (quoting *Hudson*, 468 U.S. at 533); *Shakur v. Coelho*, 421 F. App'x 132, 135 (3d Cir. 2011) (per curiam) (explaining that the Pennsylvania Tort Claims Act provides an adequate remedy for a willful deprivation of property); *Tillman v. Lebanon Cty. Corr. Facility*, 221 F.3d 410, 422 (3d Cir. 2000) (holding that prison grievance system provides adequate post-deprivation remedy). Furthermore, Forgione's claims based on the handling of his grievances fail because "[p]rison inmates do not have a constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (per curiam); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (per curiam). In sum, the facts alleged by Forgione do not give rise to a plausible basis for a constitutional claim.

IV. **CONCLUSION**

For the foregoing reasons, the Court will dismiss Forgione's Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Forgione will not be given leave to amend because amendment would be futile. An appropriate Order follows.

BY THE COURT:

/s/ Joel H. Slomsky
JOEL H. SLOMSKY, J.